

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*changed by law, see 14-107*

Honorable Ben J. Dean
District Attorney
Stephens County
Breckenridge, Texas

Dear Sir:

Opinion No. 0-6466
Re: Witness fees and mileage in
a criminal case for a second
appearance in a case in the
same term of court.

We have your letter of recent date from which we
quote the following:

"We have continuous terms of court, that is,
court stays in session at all times in both counties
composing this district. Sometimes a case is set for
trial and postponed to a future date of the term and
the witnesses are compelled to return again during
the same term to testify.

"Are these witnesses, where a case has been set
for trial and the witnesses appear and the case is
postponed to a future date of the same term and the
witnesses are directed to return to court at that
time, entitled to fees for mileage per diem for both
trips? Please advise."

You also state that the case of McArthur v. State,
41 Tex. Cr. R. 635, 57 S. W. 847, at page 850, seems to hold
that a witness can only collect for one trip to the place of
trial per term. From that case, we take the following quota-
tion from the opinion on motion for rehearing:

"In connection with the motion for rehearing is
an application to retax the costs of the court below.
We have examined this motion and it suggests that the
court, in taxing the costs in the case in which appel-
lant was convicted, also taxed costs which had accrued

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ben J. Dean, page 2

in a certain other case against appellant, pending
in the same court, which had been dismissed. It
also suggests that certain witnesses, to wit, S. D.
A. Duncan and B. J. Kendrick, made out their accounts
for more mileage and days than they were entitled to.
The motion is not full or explicit enough to authorize
us to go into an investigation of these matters. We
hold, however, that no costs pertaining to the case
which was dismissed against appellant should be made
a charge against him in this case; and we also hold
that no witness is entitled to mileage for more than
one trip, going and coming, at any one term of court,
and is entitled to his per diem only for the days on
which he actually attended the court, including the
time consumed in going and coming; and the clerk be-
low will revise and retax the costs in this case in
accordance with the views herein expressed . . ."
(Emphasis ours)

In the McArthur case, the accused was convicted of
libel, a misdemeanor. Article 1078, Code of Criminal Procedure,
provides for fees of witnesses in misdemeanor cases, and reads
as follows:

"Witnesses in criminal cases shall be allowed
one dollar and fifty cents a day for each day they
are in attendance upon the court, and six cents for
each mile they may travel in going to or returning
from the place of trial."

The McArthur case, supra, relating to mileage and
fees of witnesses in a libel case, relates only to misdemeanor
costs, and has no connection with the fees and mileage of wit-
nesses in felony prosecutions. Such fees are provided for else-
where. See Article 1036, Vernon's Annotated Code of Criminal
Procedure, which specifically provides for the mileage and per
diem of witnesses subpoenaed in felony cases. From that Ar-
ticle we quote the following:

"Any witness who may have been subpoenaed, or
shall have been recognized or attached and given
bond for his appearance before the Court, or before
any grand jury, out of the county of his residence,

Honorable Ben J. Dean, page 3

to testify in a felony case regardless of disposition of said case, and who appears in compliance with the obligations of such recognizance or bond shall be allowed Three (3) Cents per mile going to and returning from the Court or grand jury, by the nearest practical conveyance, and Two Dollars ($2) per day for each day he may necessarily be absent from home as a witness in such case;

"Provided, any witness who may have been subpoenaed, or shall have been recognized or attached and given bond for his appearance before any Court, out of the county of his residence, to testify in a felony case, and who appears in compliance with said subpoena or with the obligations of such recognizance or bond, and the case in which he is a witness is reset for a later day in the same term of Court, not exceeding four (4) days, shall not be paid mileage for any additional trip to or from Court he may make by reason of the resetting of said case, unless permission first had and obtained from the trial Judge to make said trip, but shall be entitled to receive his per diem for the additional days he may be in attendance upon Court by reason of the resetting of the case." (Emphasis ours)

The underscored language was added by amendment passed by the 47th Legislature (Acts 1941, 47th Leg., ch. 430, § 1, p. 688). It is our considered opinion that the statute means that the payment of the mileage should be made only upon the witness obtaining specific permission of the trial judge, if he makes the trip back to his home within the interval in case the trial is reset for a later date in the same term and within four (4) days from the date of appearance pursuant to process. If the court should set the case for a later date in the same term, but more than four (4) days from the date of initial appearance, we think the language of the Legislature implies that it would not be necessary for the witness to procure such permission from the court, but would be entitled to his mileage. In either event, he would be entitled to the per diem prescribed by law for each day in which he was in actual attendance upon the court.

There is no provision for payment of witnesses residing within the county in the trial of felony cases; this opinion insofar as it discusses fees in felony cases is limited to out of county witnesses.

In connection with your problem, we respectfully refer to Opinion No. O-1594, approved by the Attorney General of Texas on November 8, 1939. In that opinion it was held,

Honorable Ben J. Dean, page 4

under the statute before amendment in 1941, that an out-of-county witness in a felony case is entitled to two dollars and his actual traveling expenses not exceeding four cents per mile in going to and returning from the court for a second trip to the court during the same term and in the same case, provided the witness was subpoenaed in accordance with the express terms of Article 463, Code of Criminal Procedure of Texas. It was further said that it is immaterial whether the witness has been re-subpoenaed or is attending under the original subpoena, provided the provisions of said Article 463 have been met. A copy of the opinion is enclosed for your consideration. It is noted that the opinion is supported by quotation from the case of Burttschell v. Sheppard, 123 Tex. 113, 69 S. W. (2d) 402.

We have also ascertained that over a long period of years the departmental construction of the Comptroller of Public Accounts has been and now is that for such subsequent trips, fees are payable by the State. The 1941 amendment changed the mileage from not to exceed four cents per mile to three cents.

We therefore conclude that if the witnesses referred to are witnesses in felony cases the provisions of Articles 463 and 1036, Code of Criminal Procedure apply, and under the authority of Opinion No. O-1594 and authorities cited therein, said witnesses are entitled to the statutory fees for mileage and per diem, not only for the first trip and attendance under process, but all subsequent trips and attendance, when ordered to return by the court. But in misdemeanor cases, Article 1078, C. C. P. will apply, and under the authority of the quoted language from McArthur v. State, supra, such witnesses would not be entitled to mileage for more than one trip, and per diem only for the days in actual attendance upon the court. In such misdemeanor cases, however, such costs are taxes against the defendant as in the McArthur case, and are not generally payable by the State or county.

APPROVED MAR 23 1945

FIRST ASSISTANT
ATTORNEY GENERAL

BY: zd
Encl.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB